CccccIN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CAROL DIANE GRAY and STRATEGIC RESEARCH CONSULTING, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 11 cv 3269 |
| UNITED STATES OF AMERICA, | ) ) | Judge Sharon Johnson Coleman |
| Defendants. | ) | |

**Memorandum Opinion and Order**

Plaintiff, Carol Diane Gray, filed a three count *pro se* complaint alleging fraud, error, and illegal assessment by the Internal Revenue Service. On July 18, 2011, the government filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted [11]. On September 21, 2011, Gray filed a motion for leave to represent the corporate plaintiff, Strategic Research Consulting, Inc., *pro se* [16]. Also on September 21, 2011, Gray filed a motion for leave to file an amended complaint [17]. All of the pending motions will be addressed in this Order.

**Background**

During Gray's divorce proceedings in the 1990s, it came to light that her ex-husband allegedly failed to file and pay federal income tax for several years including 1992 through 1995, some of the years at issue in the present litigation. Gray alleges that she paid installments on her tax bill for the years 1992 to 1995 until receiving a letter from the IRS on October 8, 1997, in response to her request for an installment plan. The letter stated that the IRS "can't consider an installment agreement for you because our records show you don't owe anything on this account." (Compl., Ex. A, Dkt. 1.) The letter further states that, due to her ex-husband Steven Gray's

bankruptcy proceedings, "[a]ll collection activities are currently suspended." (*Id*.) Gray believes the letter indicated that her tax arrearages had been dismissed. (Compl. ¶¶59-62.) Gray alleges that she showed the October 8, 1997, letter to IRS agents and that they ignored the letter and thus the process was unfair and lacked impartiality. Gray alleges that she was threatened with perjury for asking to amend her 1992 through 1995 tax returns. Gray alleges that Appeals Officer Zimmerman told her in June 2000, that Gray would receive relief from penalties for 1992 through 1995, but in the Appeals Officer's final decision she was denied relief.

Gray claims that she significantly overpaid her taxes for the years 1996 through 1999 and the IRS owes her a refund. She further explains that she did not file timely returns for 2001, 2002, 2003, and 2004 because she had to pay her son's college tuition and incurred significant failure to file penalties for those years.

Gray alleges that in 2007 Revenue Officer Holcomb promised her that no further lien would be placed on her properties as long as Gray complied with the payment schedule, but a month later five additional liens were placed on Gray's business property. Gray claims that the tax liens have ruined her credit and she has lost, among other things, money, equity in her home, and business opportunities.

In 2009, Gray underwent an audit for the years 1992 through 1995. Gray alleges that significant changes were made to her tax returns for those years, resulting in an increase in liability. Gray requests that the Court enter a judgment against the government finding that it wilfully infringed on Gray's rights under 26 U.S.C. §6501, 18 U.S.C. §1001, and denied her due process.

**Legal Standard**

Rule 12(b)(1) requires dismissal of claims over which the federal court lacks subject

matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Jurisdiction is the "power to decide" and must be conferred upon the federal court. *In re Chicago, Rock Island & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). In reviewing a Rule 12(b)(1) motion, the Court may consider additional materials beyond the complaint to determine whether subject matter jurisdiction exists. *See United Phosphorus Ltd. v. Angus Chem. Co..*, 322 F.3d 942, 946 (7th Cir. 2003) (en banc). A plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met. *See Western Transp. Co. v. Couzens Warehouse & Distributors, Inc.*, 695 F.2d 1033, 1038 (7th Cir. 1982).

A motion to dismiss tests the legal sufficiency of the complaint. See Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (quoting *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir.1989)). In the context of a motion to dismiss, the Court accepts all well pleaded allegations as true, views them in the light most favorable to the plaintiff, and draws all reasonable inferences in favor of the plaintiff. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010). Although the bar to survive a motion to dismiss is not high, the complaint must allege sufficient factual matter, accepted as true to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

*Pro se* complaints are generously construed and not held to the stringent standards expected of pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). However, a *pro se* plaintiff can plead herself out of court by alleging facts that defeat the claim otherwise presented in the complaint. *Lekas v. Briley*, 405 F.3d 602, 613-14 (7th Cir. 2005).

**Discussion**

Initially, the Court notes that Gray improperly named the Commissioner of Internal Revenue as a defendant. A lawsuit against a government official in his official capacity is a suit against the United States. *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688, 93 L. Ed. 1628, 69 S. Ct. 1457 (1949); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Accordingly, the Commissioner of the Internal Revenue Service is dismissed as a party.

Gray's request to represent the corporate plaintiff, Strategic Research Consulting, Inc. *pro se.* Gray's request is denied because a corporation cannot appear in federal court unless it is represented by a licensed attorney. *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993). This is not a matter of discretion with this Court and has been well settled law for nearly two centuries. *See Osborn v. President of Bank of United States*, 22 U.S. 738, 9 Wheat. 738, 829, 6 L. Ed. 204 (1824). Since the filing of the motions now under consideration, Gray has retained counsel to represent both Gray individually and the corporate plaintiff, Strategic Research Consulting, Inc. The motion is therefore denied as moot.

Turning to the sufficiency of the complaint, Gray claims fraud and false statements in the collection of taxes in addition to error by the IRS and illegal assessment. In seeking damages, she invokes 26 U.S.C. §7433, which governs claims related to collection and 26 U.S.C. §6501, which governs claims for refunds. Gray also claims her rights were violated under 18 U.S.C. §1001, which governs false statements made to a government agency. *See, e.g., United States v. Fern*, 696 F.2d 1269, 1273 (11th Cir. 1983). Construing Gray's allegations liberally, she claims that IRS violated her rights and acted improperly in the collection of her taxes and that she is entitled to a refund for certain years.

For taxpayer complaints brought in connection with the collection of Federal taxes, section 7433, requires that a "judgment for damage shall not be awarded under [the statute] unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. §7433(d). In order to exhaust the administrative remedies for collection related claims, the taxpayer must mail a written claim to the Internal Revenue Service detailing the grounds for the claim, a description of the injuries, and the dollar amount of the claim. 26 C.F.R. §301.7433-1(e).

Here, Gray contends that she has exhausted her administrative remedies in the following ways: by showing the October 8, 2007, letter to various IRS agents; filing a Request for Innocent Spouse Relief, which was denied; filing an Offer of Compromise, which was denied; sending numerous letters between 2004 and 2007, asking for resolution of her tax situation. Gray did not attach copies of any of the alleged correspondence to either her complaint or her brief in opposition to the government's motion to dismiss. Moreover, Gray implicitly concedes that she has not exhausted all her administrative remedies, where, in her complaint she states: "By requiring Plaintiff Diane Gray to 'exhaust all administrative remedies' within the Internal Revenue Service before proceeding to a just and independent Court of the United States, Defendants have deprived her of her rights of due process." (Compl. ¶164, Dkt. 1.) Thus, the Court finds that a statutory requirement precedent to the exercise of the Court's jurisdiction is not sufficiently alleged to survive a motion to dismiss.

Gray asserts that the Court has jurisdiction pursuant to the Administrative Procedure Act, 5 U.S.C. §702 and §500 *et seq*. While section 702 provides generally for a right of judicial review of adverse agency actions, it is not unlimited. *See Califano v. Sanders*, 430 U.S. 99, 107 (1977) (holding that "the APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action.") Indeed, section 702 waives sovereign immunity only in

actions not seeking money damages, *i.e.*, injunctive or declaratory relief. *See Dep't of the Army v. Blue Fox*, 525 U.S. 255, 263 (1999). Additionally, section 702 specifically states, that "Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. §702. Here, Gray's claims for injunctive or declaratory relief are barred by the Anti-Injunction Act, 26 U.S.C. §7421(a), and the tax exception clause of the Declaratory Judgment Act, 28 U.S.C. §2201.

As noted above, Gray's claims relate to collection and refund of her Federal income taxes. This Court has already addressed whether it has jurisdiction over the collection claims. Now, the Court will consider whether it has jurisdiction over Gray's claims for refund based on an erroneous assessment. Gray refers to 26 U.S.C. §6501 in her complaint, but that section of the Internal Revenue Code contains the statute of limitations on collections and assessments and does not provide for a right of action or waive sovereign immunity.

Under 28 U.S.C. §1346(a)(1), a district court has original jurisdiction in "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." However, there are two prerequisites for the Court to have subject matter jurisdiction under section 1346(a)(1). First, Gray must have fully paid the challenged tax assessment. *Flora v. United States*, 357 U.S. 63, 75-76 (1958); *Curry v. United States*, 774 F.2d 852, 854 (7th Cir. 1985); *Mires v. United States*, 466 F.3d 1208, 1211 (10th Cir. 2006). Second, Gray must have filed a valid refund claim with the IRS, and the IRS must have denied the claim or six months must have passed since the claim was filed with no IRS response.

26 U.S.C. §§6532(a)(1), 7422(a); *Mires*, 466 F.3d at 1211; *Nick's Cigarette City, Inc. v. United States*, 531 F.3d 516, 520-21 (7th Cir. 2008).

Here, Gray admits that her liability for tax years 1992 through 1995 and 2001 through 2004 are at least in dispute, but she asserts that she overpaid from 1996 through 1999 and that a refund is due. It is unclear from the complaint if Gray's alleging overpayment for certain years in attempt to justify her possible liability for 2001 through 2004. Nevertheless, Gray fails to allege that she has filed any claims for refund. Therefore, this Court lacks jurisdiction over Gray's refund and erroneous assessment claims.

Lastly, the Court addresses Gray's request for leave to amend her complaint. The government responds that Gray's claims are futile and cannot be cured through amendment. This Court, however, believes that since Gray has retained counsel, the interest of justice compels allowing her an opportunity to amend her complaint. *See* Fed. R. Civ. P. 15(a).

**Conclusion**

For the reasons stated herein, the Court finds that it lacks subject matter jurisdiction over Gray's claims. The government's motion to dismiss [11] is granted and Gray's complaint is dismissed without prejudice. Gray's motion for leave to amend her complaint [17] is granted. Gray's motion to represent the corporate plaintiff, Strategic Research Consulting, Inc., is denied as moot [16]. Gray is allowed 30 days from the entry of this order to file an amended complaint consistent with this Order.

IT IS SO ORDERED.

Date: 12/16/2011

Entered: _____
Sharon Johnson Coleman