**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CAROL DIANE GRAY and STRATEGIC RESEARCH CONSULTING, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 11 cv 3269 |
| UNITED STATES OF AMERICA, | ) ) | Judge Sharon Johnson Coleman |
| Defendants. | ) | |

**Memorandum Opinion and Order**

Plaintiffs Carol Gray and Strategic Research Consulting, Inc. (collectively "Gray") filed a four count Second Amended Complaint on January 16, 2012, alleging violations of the Internal Revenue Code, 26 U.S.C. §§ 7422, 7432, 7433. The government moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6) on the basis that this Court lacks subject matter jurisdiction since the United States has not waived sovereign immunity and Gray has failed to state a claim upon which relief can be granted. For the reasons stated herein, the Court grants the motion.

**Background**

The relevant factual background is reproduced here from this Court's December 16, 2011 Order dismissing the First Amended Complaint. During Gray's divorce proceedings in the 1990s, it came to light that her ex-husband allegedly failed to file and pay federal income tax for several years including 1992 through 1995, some of the years at issue in the present litigation. Gray alleges that she paid installments on her tax bill for the years 1992 to 1995 until receiving a letter from the IRS on October 8, 1997, in response to her request for an installment plan. The letter stated that the IRS "can't consider an installment agreement for you because our records show

you don't owe anything on this account." The letter further states that, due to her ex-husband Steven Gray's bankruptcy proceedings, "[a]ll collection activities are currently suspended." Gray believes the letter indicated that her tax arrearages had been dismissed. Gray alleges that she showed the October 8, 1997, letter to IRS agents and that they ignored the letter and thus the process was unfair and lacked impartiality. Gray alleges that she was threatened with perjury for asking to amend her 1992 through 1995 tax returns. Gray alleges that Appeals Officer Zimmerman told her in June 2000, that Gray would receive relief from penalties for 1992 through 1995, but in the Appeals Officer's final decision she was denied relief.

Gray claims that she significantly overpaid her taxes for the years 1996 through 1999 and the IRS owes her a refund. She further explains that she did not file timely returns for 2001, 2002, 2003, and 2004 because she had to pay her son's college tuition and incurred significant failure to file penalties for those years.

Gray alleges that in 2007 Revenue Officer Holcomb promised her that no further lien would be placed on her properties as long as Gray complied with the payment schedule, but a month later five additional liens were placed on Gray's business property. Gray claims that the tax liens have ruined her credit and she has lost, among other things, money, equity in her home, and business opportunities.

In 2009, Gray underwent an audit for the years 1992 through 1995. Gray alleges that significant changes were made to her tax returns for those years, resulting in an increase in liability. On November 16, 2011, Gray filed an administrative claim for the determination of her tax liabilities for the years at issue in the Second Amended Complaint. (2d Amend. Compl. at ¶ 140).

**Legal Standard**

Rule 12(b)(1) requires dismissal of claims over which the federal court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Jurisdiction is the "power to decide" and must be conferred upon the federal court. *In re Chicago, Rock Island & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). In reviewing a Rule 12(b)(1) motion, the Court may consider additional materials beyond the complaint to determine whether subject matter jurisdiction exists. *See United Phosphorus Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (en banc). A plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met. *See Western Transp. Co. v. Couzens Warehouse & Distributors, Inc.*, 695 F.2d 1033, 1038 (7th Cir. 1982).

A motion to dismiss tests the legal sufficiency of the complaint. See Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (quoting *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir.1989)). In the context of a motion to dismiss, the Court accepts all well pleaded allegations as true, views them in the light most favorable to the plaintiff, and draws all reasonable inferences in favor of the plaintiff. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010). Although the bar to survive a motion to dismiss is not high, the complaint must allege sufficient factual matter, accepted as true to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

**Discussion**

The government moves to dismiss Gray's claims for negligence on the part of IRS officers in the collection of her taxes assessed for tax years 1992 through 1995 (Count I), the

placement of a lien on her property relating to tax years 2001, 2003, and 2004 (Count II), refund stemming from an alleged overpayment for tax years 1996 through 1999 (Count III), and the 2009 audit of Gray's tax returns from 1992 through 1995 (Count VI). The government argues that it has not waived sovereign immunity and that Gray fails to state a claim upon which relief can be granted.

Generally, the United States maintains sovereign immunity against civil suits unless Congress expressly waives it. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992). Under 28 U.S.C. § 1346(a)(1), a district court has original jurisdiction in "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." Where a statute provides for a specific consent to suit, "the limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (quoting *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981)). The burden is on the plaintiff to establish that the government consents to be sued in this case. *See Whittle v. United States,* 7 F.3d 1259, 1261 (6th Cir. 1993). Here, Gray is seeking to sue the government pursuant to sections 7433, 7432, 7422 of the Internal Revenue Code therefore this Court will examine Gray's Second Amended Complaint to determine whether all of the conditions and limitations on which the government consents to be sued in those provisions have been met.

1. *Count I and Count IV (Section 7433)*

Gray brings both Count I and Count IV of the Second Amended Complaint pursuant to 26 U.S.C. § 7433. In Count I, Gray alleges that various IRS officers acted negligently and recklessly

in seeking collection of an assessment for tax years 1992 through 1995. In Count IV, Gray alleges that in May and June of 2009 the IRS conducted an illegal audit of her tax returns from tax years 1992 through 1995, which she became aware of on May 15, 2009.

Section 7433(a) authorizes suits against the government in connection with collection of federal income tax. Section 7433(d) provides for three limitations on such suits, including exhaustion of administrative remedies and that suits may be "brought only within 2 years after the date the right of action accrues." 26 U.S.C. § 7433(d)(1),(3). The government argues that Counts I and IV meet neither of these limitations.

In order to exhaust administrative remedies the taxpayer must file an administrative claim and may not file a civil action in the district court before the earlier of the following dates: the date the decision is rendered on an administrative claim or the date six months after the date an administrative claim is filed unless the administrative claim is filed within the last six months before the expiration of the two year statute of limitations in which case a civil action may be filed at any time. 26 C.F.R. §301.7433-1(d).

Here, Gray filed her administrative claim on November 16, 2011. She does not allege in her complaint that the government rendered any decision on her claim[1] thus Gray should not have filed a civil action until May 16, 2012. Gray filed the instant action on May 16, 2011, before ever filing an administrative claim. Therefore, Gray has failed to exhaust her administrative remedies, unless she filed this action within six months of the expiration of the statute of limitations.

Civil actions brought pursuant to section 7433 must be filed within two years of the date the cause of action accrues. 26 U.S.C. § 7433(d)(3). Under this section, a cause of action "accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a

---

[1] Gray asserts in her Brief in Opposition to the Motion to Dismiss that the IRS denied her administrative claims on February 29, 2012.

-5-

possible cause of action." 26 C.F.R. §301.7433-1(g)(2). Here, Gray filed her original complaint on May 16, 2011; therefore, in order to be timely, her cause of action must not have accrued before May 16, 2009. Gray's November 16, 2011, administrative claim raised four bases for seeking relief: (1) an illegal audit on May 15, 2009, and June 23, 2009 ("Claim 1"); (2) notices from the IRS regarding abatement of penalties dated November 16, 2009 ("Claim 2"); and (3) a pending Tax Court case ("Claim 3"); (4) a letter from the IRS dated October 8, 1997, that Gray alleges states that for a joint-account with her then-husband "there are no outstanding arrearages for 1992 through 1995" ("Claim 4").

With respect to the audits on May 15, 2009, and June 23, 2009, the government argues that because Gray admits she became aware of the audit on May 15, 2009, the statutory period expired on May 15, 2011, months before the administrative claim and the Second Amended Complaint were filed. Inexplicably and without authority, the government calculates the statutory time period from the filing of the Second Amended Complaint rather than the original complaint. The government does not argue that the Second Amended Complaint is so different from the original complaint that the allegations do not relate back. Nevertheless, Gray admits that she became aware of the audit on May 15, 2009; therefore, her claims arising from that audit are untimely.

Gray's second claim involves several notices from the IRS regarding abatement of penalties pursuant to 26 U.S.C. § 6404 dated November 16, 2009. The letters attached to the administrative claim show the balances due and owing for tax years 1992 through 1995. Gray appears to take issue with the assessment amount for those years. The letters specifically state that the penalty amounts have been reduced in response to Gray's request and the itemization reflects credits to her account. To the extent that Gray is seeking to challenge the assessment of

-6-

taxes for the years 1992 through 1995, such a claim is not viable under section 7433, which is limited to unauthorized collection actions. "To be sure, § 7433 provides for a 'civil action' only for damages arising from the 'collection' of taxes, not for damages arising from the investigation and determination of tax liability." *Judicial Watch v. Rossotti*, 317 F.3d 401, 411 (4th Cir. 2003).

Gray's third administrative claim refers to her pending Tax Court case related to tax years 1992 through 1995. Gray is the petitioner in her Tax Court collection due process case and thus it is not a "collection action" taken by the IRS that could be subject to a civil action brought pursuant to section 7433 and Gray makes no allegation of statutory violation by the Tax Court, only that she is challenging the assessment of taxes and arrearages.

Similarly, Gray's fourth claim is a challenge to the assessment of taxes. Though not expressly incorporated into her Administrative Claim, Gray included the "Eppler" letter as an attachment. Gray repeatedly refers to the letter as evidence that she owes no taxes for the years 1992 through 1995. Indeed, the letter states, "We can't consider an installment agreement for you because our records show you don't owe anything on this account." However, it goes on to state that, "[y]our account is being handled by our Special Procedures Unit in our Chicago District Office due to bankruptcy proceedings begun by Mr. Steven Gray on May 12, 1997. All collection activities are currently suspended." The inclusion of this letter with her Administrative Claim as well as in the allegations in her Second Amended Complaint further indicates that Gray is seeking to challenge the assessment of taxes for the years 1992 through 1995 rather than damages resulting from the collection of those taxes. Even if Gray could assert claims based on this letter under section 7433, by her own admission the government resumed collection activities against her in 2007 for tax years 1992 through 1995. Since she did not file her complaint here until 2011, any claim arising from the supposed abatement of her taxes by the letter would be untimely.

Accordingly, this Court dismisses Count I and Count IV with prejudice for failure to exhaust administrative remedies and for failure to state a claim upon which relief can be granted.

2.  *Count II (Section 7432)*

Count II of the Second Amended Complaint is brought pursuant to 26 U.S.C. § 7432. Gray alleges she received a letter on March 13, 2007, regarding tax years 2001, 2003, and 2004. The government placed a lien on Gray's property. Gray alleges that IRS Officer Barbara Holcomb negligently, recklessly or intentionally told Gray that an "Offer in Compromise" was being discussed and therefore any hearing to contest the lien was premature. (Second Am. Compl. ¶ 156).

Section 7432 provides for a civil cause of action if any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer. 26 U.S.C. § 7432(a). Section 6325 states that the Secretary shall issue a certificate of release of any lien imposed with respect to any internal revenue tax not later than 30 days after the day on which the liability is satisfied or legally unenforceable, or a bond is accepted. Plaintiffs seeking damages under section 7432 must exhaust administrative remedies and file the complaint in the district court within two years of accrual of the cause of action. 26 U.S.C. § 7432(d)(1) and (3).

Here, Gray fails to allege or otherwise suggest that an administrative claim related to these allegations was ever filed. Gray's administrative claim from November 16, 2011, clearly states that the allegations therein are pursuant to section 7433. Moreover, Gray's allegations regarding the lien on her property are not included in her administrative claim. Accordingly, this Court finds that Gray has failed to exhaust her administrative remedies and Count II must be dismissed with prejudice.

*3. Count III (Section 7422)*

In Count III of her Second Amended Complaint, Gray alleges that based on her amended tax returns for 1996 through 1999 that she filed in April of 2009 she is entitled to a refund for overpayment. The government moves to dismiss Count III on the basis that the request for refund is untimely because she did not file her amended returns within three years of the original returns or within two years of her last payment.

Section 7422 provides that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a). The government assumes in its motion that the amended returns filed in April 2009 were claims for refund from the years 1996 through 1999.

The government asserts that Gray's amended returns were untimely claims for refund under section 6511(a). Section 6511(a) states that a claim for refund must be filed within three years of the filing of the original return, or two years from the time the taxes were paid, whichever is later. For tax year 1996, Gray filed her original return on November 3, 1997, and made her last payment on November 10, 1997, therefore her April 2009 claim for refund was not submitted within three years of her original return or within two years from the time the taxes were paid. For tax year 1997, Gray filed her original return on April 26, 1999, and made her last payment on May 12, 1999, therefore her April 2009 claim for refund was not submitted within three years of her original return or within two years from the time the taxes were paid. For tax

year 1998, Gray filed her original return on April 17, 2000, and made her last payment on May 11, 2000, therefore her April 2009 claim for refund was not submitted within three years of her original return or within two years from the time the taxes were paid. For tax year 1999, Gray filed her original tax return on November 20, 2000, and made her last payment on May 27, 2001, therefore her April 2009 claim for refund was not submitted within three years of her original return or within two years from the time the taxes were paid. Accordingly, this Court finds that Gray's claim for refund in April 2009 for tax years 1996 through 1999 is untimely pursuant to section 6511(a).

Gray argues in opposition that the claim for refund are timely pursuant to section 6532(a)(1). That section states, "[n]o suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates." 26 U.S.C. § 6532(a)(1).

Here, Gray filed her complaint within two years of the IRS's denial of her claims for refund. For tax year 1996, the IRS denied her claim on July 6, 2009. For tax year 1997, her claim for refund was denied on July 20, 2009. For tax year 1998, the last entry of payment is on May 11, 2000. For tax year 1999, the IRS denied Gray's claim for refund on September 28, 2009. Therefore, the situation here is that Gray's claims for refund for tax years 1996 through 1999 were untimely under section 6511(a), but the instant lawsuit was not untimely based on when the government disallowed her claims under section 6532(a)(1). Since section 7422(a) prohibits the filing of suits before the taxpayer files a claim for refund and Gray's claims for refund were

-10-

untimely, this Court could dismiss Count III on that basis alone. However, even if this Court were to allow it to proceed, Gray cannot prove any damages because pursuant to section 6511(b)(2)(B), when a claim for refund is not filed within three years, the refund is limited to the amount paid in the two years immediately proceeding the claim for refund. 26 U.S.C. § 6511(b)(2)(B). Gray did not make any payments in the two years prior to submitting her amended returns in 2009, therefore even if Gray overpaid she is not entitled to any refund. Accordingly, this Court dismisses Count III with prejudice.

4. *Strategic Research Consulting, Inc.*

Lastly, the government moves to dismiss claims allegedly brought on behalf of Strategic Research Consulting, Inc. There are no allegations in the Second Amended Complaint that suggest injury to Strategic Research Consulting, Inc., only injury to Gray. Gray's status as the principal and owner of Strategic Research Consulting, Inc., is insufficient by itself to maintain claims against the government on the corporate plaintiff's behalf. Plaintiff cannot amend her complaint by argument in her brief. *Harrell v. United States,* 13 F.3d 232, 236 (7th Cir. 1993). This Court dismisses the Second Amended Complaint with respect to the corporate plaintiff Strategic Research Consulting for failure to state a claim pursuant to Rule 12(b)(6).

**Conclusion**

Based on the foregoing, the government's motion to dismiss is granted. Gray's Second Amended Complaint is dismissed with prejudice.

IT IS SO ORDERED.

Date: September 4, 2012

Entered:_____
Sharon Johnson Coleman